UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BURT WAGLE,

    Plaintiff,

v.

CORIZON and KIM FARRIS,

    Defendants.
_____/

Case No. 5:21-cv-12881
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

# ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 21)

## I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Eddie Burt Wagle, proceeding *pro se*, filed a complaint naming Corizon and Kim Farris as defendants. Wagle, a diabetic, asserts that defendants are deliberately indifferent to his serious medical needs by failing to provide him with regular insulin. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 6). Before the Court is Wagle's motion to compel disclosure or discovery to non-party the Michigan Department of Corrections (MDOC). (ECF No. 21). Wagle says that the MDOC was served with the motion, (ECF No. 21, PageID.82), however the MDOC has not filed a response. Regardless, as will be explained, Wagle is not entitled to the relief he seeks. As such, his motion will be DENIED.

1

## II. Legal Standard

The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the Court. Fed. R. Civ. P. 26(b)(1); *see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion."). Discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Fed. R. Civ. P. 37(a)(3)(B), which states, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

### III. Discussion

In his motion, Wagle states that he served a subpoena for production of documents to the MDOC, but that the MDOC submitted a response to a subpoena in a different case involving Wagle as a plaintiff, *Wagle v. Corizon et al*, No. 19-cv-13787. (ECF No. 21, PageID.65). He states that the documents requested in this case are "specific and are needed to support and/or prove allegations stated in Plaintiff's Verified Complaint." (*Id*., PageID.66). However, the subpoena response that he received from the MDOC contains responses to the exact same requests, word for word, as appear in the subpoena issued by Wagle in this matter. *Cf.* ECF No. 21, PageID.69, 79-81. The only error appears to be the wrong case citation on the MDOC's cover page. *See id*., PageID.78. For Wagle's first two requests, the MDOC objected that there is an existing process for prisoners to request their medical records, including certified copies, if requested. (ECF No. 21, PageID.79-80). For the third request, the MDOC responded that Wagle's request for "[a]ny and all e-mails generated by or received by any health care staff at Macomb Correctional Facility from May 1, 2021 thru July 15, 2021" was vague and overbroad, noting that this would result in largely irrelevant and privileged information. (*Id*,. PageID.81). Wagle has not offered any reason to find that the MDOC's responses were improper or incorrect.

3

The undersigned notes that Wagle attempted to submit an "amended subpoena" a week after issuing the subpoena in question, specifically limiting his third request to e-mails "concerning Eddie Wagle #2322438." (*Id.*, PageID.74). This, however, is not proper discovery practice. In the event that Wagle believes this amendment would cure the objection from the MDOC, he may submit a new subpoena to the MDOC with the corrected language.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to compel is DENIED.

SO ORDERED.

Dated: October 28, 2022  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2022.

s/Julie Owens  
Julie Owens  
Case Manager