UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BURT WAGLE,

    Plaintiff,

v.

CORIZON and KIM FARRIS,

    Defendants.
_____/

Case No. 5:21-cv-12881
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

**<u>REPORT AND RECOMMENDATION TO GRANT DEFENDANT FARRIS'
MOTION FOR SUMMARY JUDGMENT
AND
DENY WITHOUT PREJUDICE DEFENDANT CORIZON'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 25)</u>**[1]

I.     Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Eddie Burt Wagle (Wagle), proceeding *pro se*, filed a complaint naming Corizon and Kim Farris (Farris) as defendants. (ECF No. 1). He later filed an amended complaint against the same defendants as a matter of course. (ECF No. 8). Wagle, a diabetic, asserts that defendants Farris and Corizon were deliberately indifferent to his serious medical needs by failing to provide him with regular insulin. (*Id.*).

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 6).

Before the Court is defendants' joint motion for summary judgment. (ECF No. 25). After a lengthy stay due to Corizon's ongoing bankruptcy proceedings and to allow time for Farris to obtain new counsel, the motion is now fully briefed as to Farris. (ECF Nos. 41, 42).

For the reasons set forth below, it is recommended that the motion be GRANTED as to Farris and DENIED WITHOUT PREJUDICE as to Corizon, because proceedings are currently stayed against Corizon and any other relief would be inconsistent with the stay.

## II.   Background

Wagle alleges that he has struggled to maintain stable blood glucose levels while housed at the Macomb Correctional Facility (MRF). He states that he was initially prescribed with "sliding scale" insulin dosages to help him manage high blood glucose.[2] (ECF No. 8, PageID.33). According to the amended complaint, Farris ordered that Wagle be taken off of sliding scale insulin on June 1, 2021, without consulting Wagle, conducting a medical exam, or getting lab work first.

---

[2] "A sliding scale varies the dose of insulin based on blood glucose level. The higher your blood glucose the more insulin you take." https://www.joslin.org/patient-care/diabetes-education/diabetes-learning-center/dosing-insulin (last accessed July 20, 2023).

(*Id*.).

Wagle was removed from sliding scale insulin and placed on a fixed dose of insulin to be administered twice, daily, on November 6, 2020, according to his medical records.[3] (ECF No. 42-1, PageID.244). Farris is named as the medical provider on this record. (*Id*.).

On March 18, 2021, Wagle was seen by Farris for his diabetes and admitted that he sometimes missed his morning insulin doses because he is too tired, due to trouble sleeping that results from his neck and shoulder pain. (ECF No. 26, PageID.122, Sealed Medical Record).

On May 10, 2021, Amanda Carman, R.N. (Carman) entered a nursing note encounter stating that Wagle had presented to the diabetic line with high blood glucose levels. (*Id*., PageID.126). She noted that Wagle was ambulatory with a steady gait and did not appear to be in any distress. (*Id*.). An unidentified on-call provider was notified of his elevated blood glucose. Wagle refused to take a higher dose of insulin than his old, sliding scale maximum dose at that time, stating, "I feel fine, I'm not going to fall out or anything." Carman instructed Wagle to recheck his blood glucose in one hour and notify healthcare if it remained

---

[3] With a fixed insulin dose, "a set amount of insulin is given at each meal, and the amount per meal can be the same or different." https://www.joslin.org/patient-care/diabetes-education/diabetes-learning-center/dosing-insulin (last accessed July 20, 2023).

3

elevated. (*Id*.). Later that evening, Wagle reported his blood glucose level had improved and that he would notify healthcare if his levels became elevated. (*Id*., PageID.127).

On May 26, 2021, a dietician entered an administrative note stating that Wagle had poor diabetic control and that he had been counseled several times in the past, including completion of a diabetic education program. (*Id*., PageID.128). The dietician recommended that Wagle's evening snack bag be renewed, and the note was cosigned by Farris. (*Id*.).

On June 1, 2021, the date that Wagle alleges his sliding scale insulin was removed, records indicate that Farris merely renewed his fixed insulin dose that was first prescribed on November 6, 2020. (*Id*., PageID.130). Wagle was prescribed 16 units of insulin in the morning and 20 units at night. (*Id*.). Three days later, on June 4, 2021, a day shift nurse reported that Wagle had experienced elevated blood glucose during his evening check. (*Id*., PageID.131). Farris happened to be on call at that time and ordered 10 units of insulin to be given to Wagle. (*Id*.). She indicated that she would review his chart as well. (*Id*.). Wagle requested only 8 units of insulin instead of 10, and was given that amount. (*Id*.). He appeared alert and oriented at that time with clear and appropriate speech and did not appear to be in distress. (*Id*.).

About a week later, on June 10, 2021, Farris conducted a chart review,

consulting with "Dr. Lacy." (*Id.*, PageID.134). She noted that Wagle had missed doses of his scheduled insulin and needed to be compliant and consistent in taking his doses. (*Id.*).

Wagle presented with elevated blood glucose again on June 19, 2021. Wagle alleged that he was seen by Farris on this date, but the medical record reflects that it was not her, but Nurse Practitioner Syed, who was on call and saw Wagle. (ECF No. 26, PageID.137). Wagle admits in his response that this was the case, and that it has been difficult to obtain information from the Michigan Department of Corrections on which medical providers he saw at various health care visits. (ECF No. 41, PageID.227). Syed provided Wagle with 20 units of insulin, stating that "she didn't want to give extra coverage." (ECF No. 26, PageID.137). Wagle also submitted a kite that day complaining that he oversleeps and misses his first insulin dose often and requesting to be put back on sliding scale insulin. (*Id.*, PageID.138). The kite was received on June 27, 2021, with Farris stating that she consulted Dr. Lacey regarding the sliding scale, and that Wagle needed to be more consistent and compliant with his scheduled insulin. (*Id.*).

On June 23, July 2, and July 5, 2021, Wagle presented with high blood glucose levels. Each time, he was given additional insulin by someone other than Farris and discharged. (*Id.*, PageID.139-144). On July 7, 2021, his dosage of

5

regular insulin was renewed. (*Id.*, PageID.145). Another nurse ordered twice daily blood glucose checks for him that day going forward, to be checked before morning and evening meals. (*Id.*).

On July 20, 2021, Wagle requested glucose checks at noon, as he did not have insulin coverage for that mealtime. (*Id.*, PageID.147). The next day, Farris reviewed the request, and the records reflect that an order was created for Wagle's glucose to be monitored at noon, in addition to his morning and evening checks. (*Id.*, PageID.148). Farris noted a "[s]light improvement" in his glucose checks. (*Id.*). This is the last medical record submitted by either party.

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Wagle is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV. Discussion

### A. Corizon's Motion/Bankruptcy

On February 17, 2023, Corizon filed a suggestion of bankruptcy, explaining that it had filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas (Case No. 23-90086 (CML)). (ECF No.

7

33). Under 11 U.S.C. §362, the filing operates as an automatic stay as to the claims against Corizon. Accordingly, on March 3, 2023, the Court administratively stayed all proceedings as to Corizon during the pendency of its bankruptcy proceedings. (ECF No. 35).

To date, Corizon's bankruptcy proceedings are still ongoing. In light of the stay, the undersigned recommends that Corizon's motion be denied without prejudice. The motion can be renewed after the bankruptcy stay is lifted and proceedings resume.

### B.    Farris' Motion

#### 1.    Procedural History

On February 28, 2023, Farris filed an emergency motion to stay due to Corizon's bankruptcy. (ECF No. 34). On March 3, 2023, Court granted the motion and stayed proceedings for 90 days. (ECF No. 36). Days later, on March 8, 2023, counsel for Farris filed a motion to withdraw. (ECF No. 37). On March 16, 2023, the Court granted counsel for Farris' motion to withdraw and stayed proceedings for 120 days in order to allow time for Farris to obtain new counsel. (ECF No. 38).

On June 8, 2023, the stay was lifted, (ECF No. 39), and new counsel appeared on her behalf, (ECF No. 40). Wagle then filed a response to Farris' motion. (ECF No. 41). Farris filed a reply. (ECF No. 42).

### 2. Analysis

#### a. Legal Standard

Wagle's claim against Farris is grounded in the Eighth Amendment, which prohibits deliberate indifference to a prisoner's serious medical needs. Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002).

Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.' " *Comstock*, 273 F.3d at 702-03 (quoting *Farmer*, 511 U.S. at 834). In *Farmer*, the Court held that the objective test requires that "the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834; *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703.

b. Application

Farris does not dispute, for the purposes of her motion, that Wagle meets the objective component to show deliberate indifference. The undersigned agrees. Wagle has been diagnosed with type II diabetes and requires insulin on a daily basis to manage his blood glucose levels. Further, his medical records indicate a number of instances, in a short period of time, of his blood glucose levels rising alarmingly high and being treated with insulin doses. The Sixth Circuit has found diabetes to be a chronic condition that satisfies the objective component of this test. *See, e.g.*, *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020) ("diabetes constitutes a serious medical need").

Although Wagle had a serious medical need, Farris argues that Wagle's treatment record does not reflect *deliberate indifference* to that need. She states that his consistent treatment for high blood glucose shows proper treatment and that his noncompliance with regular scheduled insulin doses does not indicate that he required a sliding scale administration of insulin, but rather that he needed to follow the treatment plan provided to avoid those blood glucose spikes.

"When 'a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted.' " *Rhinehart v. Scutt*, 894 F.3d 721, 743 (6th Cir. 2018) (citing *Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006)). "Deliberate

indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id*. But that was not the case here, where Wagle was provided insulin on every occasion that his records indicated a complaint of high blood glucose. Further, his file was reviewed on multiple occasions, and because his glucose could be regulated effectively if he woke up and took his morning insulin dose, his regular insulin was consistently renewed.

Wagle argues that the record presented by Farris is inaccurate. He states that on March 18, 2021, he was still receiving a sliding scale dose of insulin and that his documented report of missing several insulin doses without mention of the sliding scale is misleading. Further, he argues that his refusal to take a larger dose of insulin than his maximum sliding scale dose on May 10, 2021, supports his claim that he was still receiving sliding scale insulin at that time. (ECF No. 41, PageID.226). However, these suggested inferences are not compelling. The reference to Wagle missing his morning insulin is the same as the references to

11

him doing so at later dates, when he was admittedly no longer on a sliding scale dose. His unwillingness to take a larger insulin dose on one occasion does not suggest that he was still receiving sliding scale doses, but rather suggests that he was unhappy with his new treatment. There is no evidence in the record to rebut the clear medical evidence that he was removed from the sliding scale dose in November 2020. *See* ECF No. 42-1, PageID.244.

More importantly, Wagle's differing recollection of these events is immaterial. The medical record indicates that Farris removed him from the sliding scale dose in November 2020. As such, it is not material whether this actually occurred at a later date.

Wagle also takes issue with Farris's contention that he did not submit kites or other complaints regarding his discontinued sliding scale insulin. (ECF No. 41, PageID.226-227). He submits kites and grievances to support that he did in fact complain of his medication change. This is also immaterial. Farris does not argue that she did not know Wagle wished to be put back on his old insulin regimen. Rather, she contends that the new regimen—if adhered to—was satisfactory, and that a difference of opinion regarding his treatment does not constitute deliberate indifference. *See Rhinehart, Reilly,* and *Westlake, supra*.

Wagle contends most strongly that it was deliberately indifferent of Farris to

12

remove him from sliding scale insulin,[4] because another painful condition of his prevented him from sleeping well, causing him to miss his morning insulin dose on several occasions. (ECF No. 41, PageID.227). This would lead to the dilemma of having to either skip his morning meal or deal with a blood glucose spike. (*Id.*).

As another court observed in examining a prisoner's medical complaints based on uncontrolled diabetes,

> while plaintiff complains about suffering from intense and debilitating pain, the record reflects that he was non-compliant in controlling his diabetes and refused medication on various occasions. "Disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment." *Wright v. Genovese,* 694 F. Supp. 2d 137, 155 (N.D.N.Y. 2010). In this regard, a prisoner's non-compliance with the directions of the medical staff undermines conclusory claims that the medical staff was deliberately indifferent to the prisoner's serious medical needs. *Id.* at p. 157, *citing Jones v. Smith,* 784 F.2d 149, 151–52 (2nd Cir. 1986) (plaintiff's history of declining treatment by prison doctors undermined his claim that they were deliberately indifferent in failing to treat his back issues). Accordingly, defendants are entitled to summary judgment with respect to plaintiff's claims that they were deliberately indifferent to his intense and debilitating pain.

*Hale v. Corr. Med. Servs., Inc.*, No. 1:10-CV-1008, 2012 WL 4382361, at *9 (W.D. Mich. Aug. 21, 2012); *report and recommendation adopted*, 2012 WL

---

[4] Wagle somewhat confusingly alleges that "Farris' malicious intent is further supported by the fact, upon information and belief, that no other diabetics who were on Regular Insulin [were] taken off of it" but also that "Corizon created and/or maintained a policy or custom that encouraged health care workers to remove prisoners from regular insulin." (ECF No. 8, PageID.34). His claim against Corizon will not be addressed at this time.

4381917 (W.D. Mich. Sept. 25, 2012).

Similarly, here, Wagle may disagree with his new course of diabetes treatment, but his is being treated, and Farris has not exhibited deliberate indifference to his medical needs. His own noncompliance with taking his prescribed insulin dose does not cut against Farris or weigh in his favor; rather, it cuts against his claim that Farris was indifferent to his needs. *Hale*, at *9. Wagle's high blood glucose events were directly attributable to him missing his morning insulin dose, and on each occasion, he was treated with more insulin and had no further documented issues throughout the day.

Wagle's documented medical treatment does not suggest deliberate indifference. No reasonable jury could find otherwise. Instead, it shows the kind of disagreement with treatment that the Sixth Circuit has excluded from constitutional claims. *See Rhinehart, Reilly,* and *Westlake, supra*. Therefore, Farris is entitled to summary judgment on Wagle's deliberate indifference claim.

## IV.   Conclusion

For the reasons stated above, it is RECOMMENDED that defendants' motion for summary judgment, (ECF No. 25), be GRANTED as to Farris and DENIED WITHOUT PREJUDICE as to Corizon, because proceedings are currently stayed against Corizon and any other relief would be inconsistent with the stay. If this recommendation is adopted, the case will proceed only against

Corizon and will remain stayed until its bankruptcy proceedings are concluded or the stay is otherwise lifted.

Dated: July 25, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 25, 2023.

                                                     s/Carolyn Ciesla
                                                   CAROLYN CIESLA
                                                   Case Manager